**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| NICOLE WELLS,<br><br>        Plaintiff,<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A., a Delaware corporation, KAWASAKI HEAVY INDUSTRIES, LTD., a Japanese corporation, and H20 ZONE, LLC, an Arizona limited liability company,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT AND THIRD-PARTY PLAINTIFF H20 ZONE, LLC'S MOTION TO AMEND (ECF NO. 92) AND GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND DEADLINE FOR DEFENDANTS TO AMEND PLEADINGS (ECF NO. 75)**<br><br>Case No.:  2:16-cv-01086-DN-EJF<br><br>Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |
| H2O ZONE, LLC,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>JOHN NICHOLS,<br><br>        Third-Party Defendant. | |

Before the Court are Defendant and Third-Party Plaintiff H20 Zone, LLC's ("H20

Zone") Motion to Amend (ECF No. 92) and Defendants Kawasaki Motors Corp., U.S.A.

and Kawasaki Heavy Industries, Ltd.'s ("Kawasaki Defendants") Motion to Extend

Deadline for Defendants to Amend Pleadings ("Motion to Extend") (ECF No. 75).  The

Court held a hearing on both Motions on April 25, 2018.  (ECF No. 116.)  For the

reasons addressed below, the Court DENIES H20 Zone's Motion to Amend and

GRANTS IN PART the Kawasaki Defendants' Motion to Extend.

## BACKGROUND

On October 2, 2017, the Kawasaki Defendants moved to strike Plaintiff Nicole

Wells's allegation of admiralty jurisdiction.  (Mot. to Strike Allegations of Admiralty

Jurisdiction ("Mot. to Strike"), ECF No. 74.)  A few days later on October 4, 2017, the

Kawasaki Defendants filed their Motion to Extend, asking the Court to extend their

deadline to amend pleadings and add parties until December 15, 2017.  (Mot. to

Extend, ECF No. 75 at 1.)  The Kawasaki Defendants noted in their Motion to Extend

that "the outcome of the Motion to Strike will affect whether the pleadings need to be

amended and additional parties added to the case."  (Id.)  The Motion to Extend noted

that the deadlines for the Defendants to amend pleadings and add parties expired on

October 5, 2017.  (Id.; see also Order on Mot. to Extend Deadline for Defendants' to

Am. Pleadings, ECF No. 58 (ordering "that the deadlines in the Scheduling Order for

Defendants to Amend Pleadings and Add Parties are extended to October 5, 2017").

On January 1, 2018, H20 Zone filed its Motion to Amend.  (ECF No. 75.)  The

Motion to Amend asks the Court to allow it to amend its pleadings to assert claims for

implied indemnity due to a change in law in the Utah Supreme Court's opinion in

Bylsma v. R.C. Willey, 2017 UT 85.  (Id.)

On April 6, 2018, the Court heard argument on the Kawasaki Defendants' Motion

to Strike, (ECF No. 113), and on April 25, 2018, heard argument on the Kawasaki

Defendants' Motion to Extend and H20 Zone's Motion to Amend, among other motions.

(ECF No. 116.)  On April 26, 2018, the Court issued an order denying the Kawasaki

Defendants' Motion to Strike. (Order Denying Kawasaki Defs.' Mot. to Strike Allegations of Admiralty Jurisdiction, ECF No. 117.) In that decision, the Court found that "the federal district court has admiralty jurisdiction." (Id. at 3.) On May 10, 2018, the Kawasaki Defendants filed an Objection to this decision. (Obj. to Order Denying Mot. to Strike Allegations of Admiralty Jurisdiction, ECF No. 124.) To date, the District Judge has not yet ruled on this Objection.

## DISCUSSION

During the hearing on H20's Motion to Amend, counsel conceded that its Motion is largely moot if maritime law applies. H20 Zone argued, however, that depending on the outcome of the Kawasaki Defendants' Motion to Extend and whether they added additional parties or claims, H20 Zone may still need to amend its pleadings. The Kawasaki Defendants argued that amendments may be necessary regardless of whether maritime or state law applies in this case.

The Court agrees that H20 Zone's Motion to Amend is moot but believes that all Defendants would benefit from additional time to amend their pleadings after the District Judge's ruling on the Objection to the Motion to Strike, regardless of whether he affirms the decision or not, either to plead as needed under maritime law or comply with changes in state law. Therefore, the Court will extend the date for the Defendants to amend their pleadings or add parties after the District Judge's ruling, as outlined below.

## ORDER

Given the Court's ruling on the Motion to Strike, the Court finds that H20 Zone's Motion to Amend is moot and therefore DENIES the Motion. The Court also GRANTS IN PART the Kawasaki Defendants' Motion to Extend. The date to which the Kawasaki

Defendants asked the Court to extend the deadlines to amend or add parties has already passed, and the Court finds that setting a specific deadline at this time would not be productive given the pending Objection to the Order on the Motion to Strike. Therefore, the Court ORDERS that H20 Zone and the Kawasaki Defendants shall have fourteen (14) days to file amended pleadings and/or add parties based on joint and several liability under maritime law or the Utah indemnity changes pursuant to Bylsma after the District Judge issues a decision on the Kawasaki Defendants' Objection to the Order on the Motion to Strike (ECF No. 124). H20 Zone and the Kawasaki Defendants do not have to seek leave pursuant to Fed. R. Civ. P. 15 to make such amendments.

DATED this 28th day of August, 2018.


_____
Hon. Evelyn J. Furse
U.S. Magistrate Judge