IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NICOLE WELLS,<br><br>                Plaintiff,<br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A.,<br>KAWASAKI HEAVY INDUSTRIES LTD.,<br>H2O ZONE LLC,<br>                Defendants. | MEMORANDUM DECISION AND ORDER OVERRULING [124] DEFENDANTS KAWASAKI MOTORS CORP., U.S.A. and KAWASAKI HEAVY INDUSTRIES LTD'S OBJECTION TO MAGISTRATE JUDGE FURSE'S ORDER DENYING MOTION TO STRIKE ALLEGATIONS OF ADMIRALTY JURISDICTION<br><br>Case No. 2:16-cv-01086-DN<br><br>District Judge David Nuffer |

      Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries Ltd. (the "Kawasaki Defendants"), objected[1] under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Evelyn J. Furse's April 26, 2018 Order[2] denying the Kawasaki Defendants' Motion to Strike Allegations of Admiralty Jurisdiction.[3] Specifically, the Kawasaki Defendants argue that the Order was contrary to law.[4] Plaintiff Nicole Wells responded [5]to the Objection. Based upon

---

[1] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries Ltd.'s Objection to Magistrate Judge Furse's Order Denying Motion to Strike Allegations of Admiralty Jurisdiction ("Objection"), docket no. 124, filed May 10, 2018.

[2] Order Denying Kawasaki Defendants' Motion to Strike Allegations of Admiralty Jurisdiction (ECF No. 74) ("Order"), docket no. 117, filed April 26, 2018.

[3] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries Ltd.'s Motion to Strike Allegations of Admiralty Jurisdiction and Memorandum in Support ("Motion"), docket no. 74, filed October 2, 2017.

[4] Objection at 6.

[5] Plaitniff's Memorandum in Response to Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries Ltd.'s Objection to Magistrate Judge Furse's Order Denying Motion to Strike Allegations of Admiralty Jurisdiction, docket no. 126, filed May 23, 2018.

the following memorandum decision, the Objection is OVERRULED and the Order is AFIRMED.

Federal Rule of Civil Procedure 72(a) provides that "The district judge must consider timely objections [to a magistrate judge's nondispositive[6] order] and modify or set aside any part of the order that is contrary to law or clearly erroneous."[7] When an objection asserts that an order is contrary to the law, as the Kawasaki Defendants have done here, a district judge may perform a plenary review as to matters of law.[8] The ultimate question to be resolved is whether the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly.[9] But "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive ... disputes" a magistrate judge's order will only be overruled if the magistrate judge abused discretion.[10]

Judge Furse determined in the Order that there was no basis to grant the Kawasaki Defendants' Motion and strike Plaintiff's allegations of admiralty jurisdiction.[11] The Kawasaki Defendants argue that this determination is contrary to law because "(1) the Order ignores the multifactorial test for connection . . . and (2) the Order errs in concluding . . . that merely falling off a [personal watercraft] on a navigable waterway involves admiralty jurisdiction."[12]

---

[6] This order is a nondispositive order as it does not dispose of any claim in the case and it addressed a nondispositive motion. The Kawasaki Defendants moved to strike the Plaintiff's allegations of admiralty jurisdiction not to dispose of any claims in the case but to clarify which law should apply "due to the significant differences between maritime law and Utah state law, particularly regarding apportionment of fault, as well as the effect of any potential settlements." Motion at 2. The motion to strike wherefore was properly referred under 28 U.S.C. § 636(b)(1)(A).

[7] Fed. R. Civ. P. 72(a).

[8] Wyoming v. United States Dep't of Agriculture, 239 F.Supp.2d 1219, 1236 (D.Wyo.2002).

[9] *Id.*

[10] Ariza v. U.S. West Communications, Inc., 167 F.R.D. 131, 133 (D.Colo.1996).

[11] Order at 3.

[12] Objection at 6–7.

Magistrate Judge Furse reached this conclusion by applying the location and connection test for admiralty jurisdiction that the United States Supreme Court set forth in *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*[13] The Order specifically mentions that the parties did not dispute that this was the correct test to use.[14]

According to the Order, the parties agreed that the location portion of this test was satisfied as Lake Powell is a navigable water.[15] The parties also agreed that the incident at issue here involved the Plaintiff's fall off the back of a personal watercraft, that she was picked up by that same personal watercraft, and returned to the beach.[16] However, the parties disputed that the incident satisfied the requirements of the connection test.[17]

The connection portion of the test for admiralty jurisdiction is satisfied if it can be determined that, after assessing the general features of the type of incident involved, the incident has a potentially disruptive impact on maritime commerce and whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity.[18] In determining that the incident here did satisfy the requirements of the connection test for admiralty jurisdiction, Judge Furse relied on the analysis of the Ninth Circuit in the case *In Re Mission Bay Jet Sports, LLC.*[19]

---

[13] 513 U.S. 527, 535 (1995).

[14] Order at 2.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Grubart*, 513 U.S. at 533.

[19] 570 F.3d 1124 (9th Cir 2009).

That Ninth Circuit case also addressed whether admiralty jurisdiction existed over tort claims brought by individuals who were thrown off personal watercraft. After applying both prongs of the location and connection test, the Ninth Circuit concluded that

> [T]he incident occurred on navigable waters. Its general features - harm by a vessel in navigable waters to a passenger-had a potential effect on maritime commerce [as falling overboard in navigable waters potentially implicates search and rescue efforts], and the general character of the activity-operation of a vessel in navigable waters - had a substantial relationship to traditional maritime activity. Consequently, the federal district court had admiralty jurisdiction.[20]

Given the factual similarity of *In Re Mission Bay Jet Sports, LLC* to the facts here, Judge Furse relied on the Ninth Circuit's analysis in its entirety and did not perform a separate, detailed application of the facts in this case to the provisions of the connection test before concluding that admiralty justification exists.[21]

Judge Furse did not abuse her discretion or issue an order that is contrary to the law. Judge Furse did not fail to apply the appropriate legal test or standard. She applied, as the parties stipulated, the appropriate test to determine whether admiralty jurisdiction exists. Although Judge Furse's analysis is brief due to her wholesale reliance on *In Re Mission Bay Jet Sports, LLC,* due to the factual similarity of that case to the facts here Judge Furse did not apply the connection test incorrectly.

One of the key determinations of *In Re Mission Bay Jet Sports, LLC* was that because "a vessel from which a passenger goes overboard in navigable waters would likely stop to search and rescue [and] call for assistance from others" the features "of an incident of this class could have a potentially disruptive impact" on maritime activity."[22] The Ninth Circuit's determination

---

[20] *Id.* at 1130.

[21] Order at 3.

[22] *In Re Mission Bay Jet Sports, LLC,* 570 F.3d at 1129.

is readily applicable to the incident at issue in this case. Judge Furse's decision to adopt the rationale of *In Re Mission Bay Jet Sports, LLC* is sound. The Objection is overruled.

**ORDER**

IT IS HEREBY ORDERED that Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries Ltd.'s Objection[23] is OVERRULED and the Order[24] of the Magistrate Judge is AFFIRMED.

Signed September 10, 2018

BY THE COURT

David Nuffer
United States District Judge

---

[23] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries Ltd.'s Objection to Magistrate Judge Furse's Order Denying Motion to Strike Allegations of Admiralty Jurisdiction, docket no. 124, filed May 10, 2018.

[24] Order Denying Kawasaki Defendants' Motion to Strike Allegations of Admiralty Jurisdiction (ECF No. 74), docket no. 117, filed April 26, 2018.