IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICOLE WELLS,<br><br>                    Plaintiff,<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A.,<br>KAWASAKI HEAVY INDUSTRIES LTD.,<br>H2O ZONE LLC,<br>                    Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING [134] DEFENDANT KAWASAKI HEAVY INDUSTRIES LTD'S OBJECTION TO MAGISTRATE JUDGE FURSE'S ORDER [ECF NO. 131] DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:16-cv-1086-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Kawasaki Heavy Industries Ltd ("KHI") objected (the "Objection")[1] under

Federal Rule of Civil Procedure 72(a) to Magistrate Judge Evelyn J. Furse's July 11, 2018 order

(the "Corrected Order")[2] that vacated and replaced a prior order (the "Prior Order")[3] entered on

July 9, 2018. Both orders memorialized the decisions Judge Furse announced at a hearing held

on April 25, 2018 (the "Hearing")[4] and granted in part and denied in part the Defendants'

motions for a protective order. Judge Furse entered the Corrected Order to address Plaintiffs'

---

[1] Defendant Kawasaki Heavy Industries LTD.'s Objection to Magistrate Judge's Order [ECF No. 131] Denying in Part and Granting in Part Defendants' Motion for Protective Order, docket no. 134, filed July 20, 2018.

[2] Order Vacating Prior Order [ECF No. 130] and Corrected Order Denying in Part and Granting in Part Kawasaki Defendants' Motions for Protective Order [ECF Nos. 60 & 61], docket no. 131, filed July 11, 2018.

[3] Order Denying in Part and Granting in Part Kawasaki Defendants' Motions for Protective Order [ECF Nos. 60 & 61], docket no. 130, filed July 9, 2018.

[4] Minute Entry for Proceedings Held Before Magistrate Judge Evelyn J. Furse, docket no. 116, filed April 25, 2018.

Objection[5] to the proposed order that KHI submitted following the Hearing and that was later used as a basis for the Prior Order.[6]

In the Objection, KHI argues that a specific portion of the Corrected Order is erroneous because it is inconsistent with Judge Furse's ruling at the Hearing.[7] Plaintiff Nicole Wells responded to the Objection.[8] Because the Corrected Order more accurately reflects Judge Furse's ruling at the Hearing, the Objection is OVERRULED and the Corrected Order is AFFIRMED.

Federal Rule of Civil Procedure 72(a) provides that "The district judge must consider timely objections [to a magistrate judge's nondispositive order] and modify or set aside any part of the order that is contrary to law or clearly erroneous."[9] Under Rule 72, "a district court is required to defer to the magistrate judge's ruling unless it [is] clearly erroneous or contrary to law."[10] When an objection asserts that an order is in error, "[t]he clearly erroneous standard . . . requires an affirmation of the magistrate judge's decision unless on the entire evidence [the district judge] is left with the definite and firm conviction that a mistake has been committed."[11]

---

[5] Plaintiff's Objection to Kawasaki Defendants' Proposed Order Denying in Part and Granting in Part Kawasaki Defendants' Motions for Protective Order [ECF Nos. 60 & 61], docket no. 128, filed July 9, 2018.

[6] Objection. at 5.

[7] *Id*. at 6.

[8] Plaintiff's Response Defendant Kawasaki Heavy Industries LTD.'s Objection to Magistrate Judge's Order [ECF No. 131] Denying in Part and Granting in Part Defendants' Motion for Protective Order ("Response"), docket no. 135, filed August 3, 2018.

[9] Fed. R. Civ. P. 72(a).

[10] *Allen v. Sybase, Inc*., 468 F.3d 642, 658–59 (10th Cir. 2006).

[11] *Brigham Young Univ. v. Pfizer, Inc*., No. 2:06-CV-890 TS BCW, 2010 WL 3855347, at *2 (D. Utah Sept. 29, 2010).

KHI's Objection focuses on the final paragraph of the Corrected Order. KHI argues that

the final paragraph of the Prior Order more accurately reflects Judge Furse's ruling at the

hearing.[12] KHI requests that the Corrected Order be vacated and the Prior Order reentered.[13]

The final paragraph of the Prior Order, which came from a proposed order prepared by

KHI,[14] reads as follows:

> As to the discovery related to the EU pictograms, the dispute is over topics 5, 6 and 7 of the KHI Notice. The motion for a protective order is granted, provided however, that discovery regarding any KHI "evaluation" of its EU orifice injury pictogram (for either comprehension or compliance similar to the evaluation that was performed for the 2001 U.S. Uniform Label) will be allowed. Evaluations performed during the development of the EU pictogram will not be allowed.[15]

For comparison, the final paragraph of the Corrected Order reads as follows:

> As to the discovery related to the development and evaluation of warnings, the dispute is over topics 5, 6 and 7 of the KHI Notice. The motion for a protective order is granted, provided however, that discovery regarding any KHI evaluation of its warnings (for either comprehension or compliance similar to the evaluation that was performed for the 2001 U.S. Uniform Label) will be allowed.[16]

Despite KHI's argument that the language used in the Prior Order—specifically the

limitation to EU pictograms—accurately reflects Judge Furse's ruling and the discovery requests

that were filed,[17] a review of the transcript of the Hearing,[18] KHI's Motion for Protective Order

---

[12] Objection at 6.

[13] *Id.* at 7.

[14] Objection. at 5.

[15] Prior Order at 2.

[16] Corrected Order at 2.

[17] Objection at 7

[18] Declaration of Alexander E. Ackel in Support of Plaintiff's Objection to Kawasaki Defendants' Proposed Order Denying in Part and Granting in Part Kawasaki Defendants' Motions for Protective Order [ECF Nos. 60 & 61], Exhibit B, Transcript of Proceeding ("Hearing Transcript"), docket no. 129-2, filed July 9, 2018.

that was the subject of the Hearing,[19] and Plaintiff's Notice of Depositions that were the focus of

that Motion for Protective Order[20] shows that KHI is incorrect.

In an amended notice of depositions provided to KHI, Plaintiff sought information on the

following topics, specifically as to warnings labels used on personal watercraft sold in countries

other than the United States:

> 5. KHI's development and evaluation of alternative warnings to avoid or reduce
> orifice injuries. This topic includes the development and evaluation of warning
> labels used on Kawasaki PWCs *in other countries*.
>
> 6. KHI's development and evaluation of pictorial illustrations used on its orifice
> injury warnings.
>
> 7. KHI's evaluation of alternative pictorial illustrations. This includes evaluations
> of warnings used on Kawasaki PWCs for sale *in other countries*.[21]

In KHI's Motion for Protective Order, it appears that KHI introduced the limitation on

this discovery to pictograms used on watercraft sold in the European Union. In describing the

topics of Plaintiff's notice of depositions, KHI stated:

> Topics 5, 6, and 7 of the Notice seek discovery regarding KHI warnings used in
> other countries. Other countries have regulations that are different than the U.S.
> KHI objects; this is not pertinent. The effort involved outweighs its value. Fed. R.
> Civ. P. 26(b) and 26(c).5 *EU regulators like pictograms, but that evidence is not
> meaningful, here.* KHI asks the Court to preclude the discovery of non-U.S.
> warnings.[22]

At the Hearing, KHI's counsel sought to reiterate this limitation when describing the

warnings placed on Kawasaki watercraft:

---

[19] Defendant Kawasaki Heavy Industries LTD.'s Short Form Discovery Motion for Protective Order ("Motion for Protective Order"), docket no. 61, filed September 18, 2017.

[20] Defendant Kawasaki Heavy Industries LTD.'s Short Form Discovery Motion for Protective Order, Exhibit A, Amended Notice of Videotaped Civil Rule 30(b)(6) Depositions to Kawasaki Heavy Industries ( "Notice of Depositions"), docket no. 61-1, filed September 18, 2017.

[21] Notice of Depositions at 2 (emphasis added).

[22] Motion for Protective Order at 2–3 (emphasis added).

And so what a lot of manufacturers and I think all the personal watercraft manufacturers do is that for actually building the product since they -- when they *ship it to Europe*, they are not certain which customer -- which country it is going to be sold to. They ship those products with pictograms instead of the words that are on the product that is sold in the United States. he United States regulatory scheme is different. We allow the use of pictograms but we don't allow the use of pictograms in lieu of words. We allow pictograms to supplement words.[23]

In contrast, when describing what Plaintiff was seeking via the notice of depositions, Plaintiff's counsel offered:

Essentially, this is just an alternative label that plaintiffs can point to in showing that Kawasaki was using an alternative label, *albeit in Europe or Canada or wherever it is*. Plaintiffs are asking for more than just discovery of that label. Plaintiffs are asking for any evaluation of how effective that label is.[24]

Judge Furse's ultimate decision on these deposition topics *did not* adopt the limitation to the European Union as KHI argues. Instead, Judge Furse used language more closely related to that used in the Plaintiff's notice of depositions. In her decision on these specific topics, Judge Furse announced:

And then on the *foreign country warnings*, that's topics 5, 6, and 7. Okay. So I think I—I'm going to allow the question as to evaluation. I'm going to strike—in 5 and 6 there's the phrase development and evaluation. 7 just uses the term "evaluation." And I will allow the inquiry about evaluations of alternative warnings. Alternatives of the pictorial illustrations. But not necessarily, but not the development. Now, if an evaluation was done about—in—as part of the development, then that would be included. The evaluation. It's not necessarily how the process went about deciding which to be put on. So to the extent it is choosing among pictures in the book of pictures that can be selected and internally you've decided to use one, then I'm not including that process. But to the extent that there is a study of understanding or things like that similar to the one you've discussed that was done in the United States, then that—that should be part of however you all determine to answer these questions, to pose these questions.[25]

---

[23] Hearing Transcript at 6:19–7:4 (emphasis added).

[24] *Id.* at 23:1–6 (emphasis added).

[25] *Id.* at 42:15–43:11 (emphasis added).

Although Judge Furse did impose certain limitations on what types of information Plaintiff could inquire after, her decision *did not* include limiting discovery only to pictogram warning labels used on watercraft sold in the European Union. Based on this review, the language used in the Corrected Order accurately reflects Judge Furse's decision, especially given the notice of depositions that Judge Furse was asked to examine.

KHI also argues in the alternative that the Corrected Order should be modified to limit the permitted discovery to evaluations of warning labels on personal watercraft regarding orifice injuries.[26] But this modification is unnecessary as Plaintiff has indicated that she will only be inquiring about warnings regarding orifice injuries.[27] A limitation is therefore unnecessary. Therefore, the only issue addressed here is which order better reflects Judge Furse's ruling at the Hearing.

Judge Furse did not make a mistake by vacating the Previous Order and the Corrected Order is not clearly erroneous. The objection is overruled.

## ORDER

IT IS HEREBY ORDERED that Defendant's Objection[28] is OVERRULED. The Magistrate Judge's Order[29] entered on July 11, 2018 is AFFIRMED.

Signed June 24, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[26] *Id.* at 6,7.

[27] Response at 4.

[28] Defendant Kawasaki Heavy Industries LTD.'s Objection to Magistrate Judge's Order [ECF No. 131] Denying in Part and Granting in Part Defendants' Motion for Protective Order, docket no. 134, filed July 20, 2018.

[29] Order Vacating Prior Order [ECF No. 130] and Corrected Order Denying in Part and Granting in Part Kawasaki Defendants' Motions for Protective Order [ECF Nos. 60 & 61], docket no. 131, filed July 11, 2018.