IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICOLE WELLS,<br><br>                              Plaintiff,<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A.,<br>KAWASAKI HEAVY INDUSTRIES LTD.,<br>H2O ZONE LLC,<br>                              Defendants.<br><br>v.<br><br>MARIE MADSEN, Third-party Defendant | **MEMORANDUM DECISION AND ORDER OVERRULING [138] PLAINTIFF'S OBJECTION TO MEMORANDUM DECISION AND ORDER DENYING DEFENDANT AND THIRD-PARTY PLAINTIFF H20 ZONE, LLC'S MOTION TO AMEND (ECF NO 92) AND GRANTING IN PART AND DENYING IN PART MOTION TO EXTEND DEADLINE FOR DEFENDANTS TO AMEND PLEADINGS (ECF NO 75)**<br><br>Case No. 2:16-cv-1086-DN-EJF<br><br>District Judge David Nuffer<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Nicole Wells objected[1] under Federal Rule of Civil Procedure 72(a) to Magistrate Judge Evelyn J. Furse's August 28, 2018 Order (the "Order")[2] that granted in part and denied in part Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s ("Kawasaki Defendants") Motion to Extend Deadline for Defendants to Amend Pleadings ("Motion to Extend"). In the portion of the Order that granted in part the motion to extend the deadline for the Kawasaki Defendants to amend their pleadings, Judge Furse also permitted the

---

[1] Plaintiff's Objection to Memorandum Decision and Order Denying Defendant and Third-Party Plaintiff H20 Zone, LLC's Motion to Amend (ECF No 92) and Granting in Part and Denying in Part Motion to Extend Deadline for Defendants To Amend Pleadings (ECF No 75), docket no. 138, filed September 11, 2018.

[2] Memorandum Decision and Order Denying Defendant and Third-Party Plaintiff H20 Zone, LLC's Motion to Amend (ECF No. 92) and Granting in Part and Denying in Part Motion to Extend Deadline for Defendants to Amend Pleadings (ECF No. 75), docket no. 136, filed August 28, 2018.

Kawasaki Defendants to amend their pleadings without having to seek leave under Federal Rule of Civil Procedure 15.[3] The Kawasaki Defendants then amended their pleadings to add Marie Madsen as third party defendant.[4] Plaintiff argues that by permitting this amendment, Judge Furse abused her discretion.[5]

The Kawasaki Defendants responded to the objection.[6] Based upon the following memorandum decision, the Objection is OVERRULED, and the Order is AFFIRMED.

Federal Rule of Civil Procedure 72(a) provides that "The district judge must consider timely objections [to a magistrate judge's nondispositive order] and modify or set aside any part of the order that is contrary to law or clearly erroneous."[7] When an objection asserts that an order is contrary to the law, as the Plaintiff has done here,[8] a district judge may perform a plenary review as to matters of law.[9] The ultimate question to be resolved is whether the magistrate judge applied the wrong legal standard or applied the appropriate legal standard incorrectly.[10] But "Because a magistrate judge is afforded broad discretion in the resolution of non-dispositive ... disputes" a magistrate judge's order will only be overruled if the magistrate judge abused discretion.[11]

---

[3] Order at 4.

[4] Amended Answer; Amended Crossclaim and Third Party Complaint docket no. 141, filed September 24, 2018.

[5] Objection at 3.

[6] KMC and KHI's Response to Plaintiff's Objection to Memorandum Decision and Order Denying Defendant and Third-Party Plaintiff H20 Zone, LLC's Motion to Amend (ECF No 92) and Granting in Part and Denying in Part Motion to Extend Deadline for Defendants To Amend Pleadings (ECF No 75), docket no. 147, filed September 25, 2017.

[7] Fed. R. Civ. P. 72(a).

[8] Objection at 2.

[9] Wyoming v. United States Dep't of Agriculture, 239 F.Supp.2d 1219, 1236 (D.Wyo.2002).

[10] *Id.*

[11] Ariza v. U.S. West Communications, Inc., 167 F.R.D. 131, 133 (D.Colo.1996).

As the Tenth Circuit has explained regarding amendments to pleadings, "[e]xcept when an amendment is pleaded as a 'matter of course,' as defined by the rule, 'a party may amend its pleading only with the opposing party's written consent or the court's leave.'"[12] "The rule instructs courts to 'freely give leave when justice so requires.'"[13] Therefore federal courts have "wide discretion" in permitting amendments to pleadings.[14] The Tenth Circuit has clarified that the discretion to *grant* leave to amend depends on prejudice to the non-moving party as "Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[15] "Typically, courts will find prejudice only when an amendment unfairly affects non-movants 'in terms of preparing their [response] to the amendment.'"[16]

Here it does not appear that the Plaintiff was unfairly affected by permitting the Kawasaki Defendants to amend their pleadings and add the third-party defendant. Judge Furse sought input from Plaintiff's counsel at the hearing on the Motion to Amend and expressed confidence that any potential harm could be addressed through subsequent court orders on discovery.[17] Indeed, the scheduling order has been amended in this case several times to provide the necessary time to for all parties to respond to the addition of this third-party defendant.[18] Judge Furse had extensive discretion here to permit an amendment and she did not abuse it. The Objection is overruled and her order is affirmed.

---

[12] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)).

[13] *Id.*

[14] *Id.*

[15] *Id.* quoting (*United States v. Hougham*, 364 U.S. 310, 316 (1960)).

[16] *Id.* (quoting *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1208 (10th Cir.2006)).

[17] Response at 5.

[18] Order Granting Motion for Amended Scheduling Order, docket no. 159, filed October 2, 2018; Amended Scheduling Order, docket no. 184, filed January 2, 2018; and Order Granting Motion for Amended Scheduling Order, docket no. 186, filed February 28, 2019.

# ORDER

IT IS HEREBY ORDERED that Plaintiff's Objection[19] is OVERRULED. The Magistrate Judge's Order entered on August 28, 2018[20] is AFFIRMED.

Signed June 24, 2019

BY THE COURT

_____
David Nuffer
United States District Judge

---

[19] Plaintiff's Objection to Memorandum Decision and Order Denying Defendant and Third-Party Plaintiff H20 Zone, LLC's Motion to Amend (ECF No 92) and Granting in Part and Denying in Part Motion to Extend Deadline for Defendants To Amend Pleadings (ECF No 75), docket no. 138, filed September 11, 2018.

[20] Memorandum Decision and Order Denying Defendant and Third-Party Plaintiff H20 Zone, LLC's Motion to Amend (ECF No. 92) and Granting in Part and Denying in Part Motion to Extend Deadline for Defendants to Amend Pleadings (ECF No. 75), docket no. 136, filed August 28, 2018.