IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICOLE WELLS,<br><br>Plaintiff,<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A., a Delaware corporation, KAWASAKI HEAVY INDUSTRIES, LTD., a Japanese corporation, and H20 ZONE, LLC, an Arizona limited liability company,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER:**<br>• **GRANTING [210] DEFENDANTS KAWASAKI MOTORS CORP., U.S.A. AND KAWASAKI HEAVY INDUSTRIES, LTD.'S MOTION TO EXCLUDE THE PROPOSED TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, JOELLEN GILL; AND**<br>• **GRANTING [221] DEFENDANTS KAWASAKI MOTORS CORP., U.S.A. AND KAWASAKI HEAVY INDUSTRIES, LTD.'S MOTION TO EXCLUDE THE PROPOSED TESTIMONY OF PLAINTIFFS' EXPERT, ANAND KASBEKAR**<br><br>Case No. 2:16-CV-01086-DN<br><br>District Judge David Nuffer |

Defendants Kawasaki Motors Corp., U.S.A. ("KMC") and Kawasaki Heavy Industries, Ltd. ("KHI") (collectively the "Kawasaki Defendants") move to exclude the proposed testimony of Plaintiff Nicole Wells' ("Plaintiff") expert witnesses Joellen Gill (the "Motion to Exclude Gill")[1] and Anand Kasbekar ("Motion to Exclude Kasbekar").[2] Plaintiff has designated Joellen Gill ("Gill") as an expert to support Plaintiff's failure to warn claims that are part of Plaintiff's

---

[1] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Memorandum in Support of Their Motion to Exclude the Proposed Testimony of Plaintiff's Expert Witness, Joellen Gill, docket no. 210, filed July 22, 2019.

[2] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiffs' Expert Witness, Anand Kasbekar, docket no. 221, filed July 22, 2019.

strict products liability and negligence causes of action against the Kawasaki Defendants.[3] Plaintiff has designated Anand Kasbekar ("Kasbekar") as an expert to support her design defect claims included in her strict products liability and negligence causes of action.[4] The requested exclusion of these experts is central to the Kawasaki Defendants' contemporaneously filed Motion for Summary Judgment.[5]

Plaintiff responded to these motions[6] and the Kawasaki Defendants replied in support.[7] Because Gill cannot be considered qualified and because her testimony is unreliable under Fed. R. Evid. 702, the Motion to Exclude Gill is GRANTED. Because Kasbekar's testimony is unreliable, the Motion to Exclude Kasbekar is also GRANTED.

## BACKGROUND

Plaintiff alleges that she suffered an orifice injury during a trip to Lake Powell in 2015 when she fell off the back of a personal watercraft ("PWC") manufactured by the Kawasaki Defendants.[8] Plaintiff maintains her injury is attributable to defects in the PWC. She brings strict products liability and negligence causes of action against the Kawasaki Defendants.[9] The defects

---

[3] Motion to Exclude Gill at 1.

[4] Motion to Exclude Kasbekar at 1.

[5] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion for Summary Judgment and Memorandum in Support, docket no. 214, filed July 22, 2019.

[6] Plaintiff's Opposition to Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiff's Expert Witness, Joellen Gill ("Opposition to Motion to Exclude Gil"), docket no. 230, filed August 5, 2019; Plaintiff's Opposition to Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiffs' Expert Witness, Anand Kasbekar ("Opposition to Motion to Exclude Kasbekar"), docket no. 227, filed August 5, 2019.

[7] Reply in Support of Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiff's Expert Witness, Joellen Gill ("Reply to Motion to Exclude Gill"), docket no. 254, filed August 19, 2019; Reply in Support of Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiffs' Expert Witness, Anand Kasbekar ("Reply to Motion to Exclude Kasbekar"), docket no. 251, filed August 19, 2019.

[8] Amended Complaint for Damages at 3, docket no. 14, filed December 2, 2016.

[9] *Id.* at 3-8.

in the PWC that Plaintiff specifically alleges are (a) inadequate warnings on the PWC and (b) that the design of the PWC's seat permitted riders to fall backwards as Plaintiff did.[10]

Plaintiff designated Gill as a "human factors" expert and proposes that Gill testify to the ineffectiveness of the warning labels that were placed on the PWC[11]. Gill intends to offer the opinion that the Kawasaki Defendants "should have known that its warnings and instructions were 'defective' and 'likely to be ineffective'" because

> a. Many riders would not see or read the Owner's Manual and Operating Instructions;
>
> b. Users would not "find" and "choose to read" the on-product label that warns of the subject hazard because of its location, its "lengthiness/excessive verbiage," and because it contains information "that is in contradiction to what is commonly observed and so forth"—leading to Gill's conclusion that the label "would not likely motivate users to wear protective clothing;" and
>
> c. The on-product label warning that "All riders must wear a wet suit bottom or clothing that provides equivalent protection. See Owner's Manual" is "ambiguous" as to the meaning of "equivalent protection.[12]

Plaintiff designated Kasbekar to offer the expert opinion that the subject PWC is defective and not reasonably safe because it lacked a more sculpted seat that, according to Kasbekar, would have been safer because it would have minimized a rider's rearward sliding when the PWC accelerated.[13]

The Kawasaki Defendants seek the exclusion of Gill and Kasbekar's proposed testimony under Fed. R. Evid. 702. Specifically, the Kawasaki Defendants argue that Gill lacks qualifications to be considered an expert under that rule of evidence and that her proposed

---

[10] *Id.* at 4.

[11] Motion to Exclude Gill at 1-2.

[12] Motion to Exclude Gill, Exhibit F, Report of Joellen Gill at 12-13, docket no. 210-8, filed July 22, 2019.

[13] Motion to Exclude Kasbekar at 2.

testimony is unreliable.[14] As to Kasbekar, the Kawasaki Defendants argue that exclusion is appropriate because his proposed testimony is also unreliable.[15]

## DISCUSSION

Federal Rule of Evidence 702 imposes on district courts a gatekeeping function regarding the admissibility of expert opinions.[16] The decision to permit or exclude proposed expert witness testimony hinges on a two-step analysis.[17] First, the district court must determine "whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion."[18] Second, the court "must satisfy itself that the proposed expert testimony is both reliable and relevant, in that it will assist the trier of fact, before permitting a jury to assess such testimony."[19]

In the face of a 702 challenge, the party that designated the expert must demonstrate that the expert is reliable and that the proposed testimony is relevant.[20] In determining whether a proposed expert is reliable, a district court is to consider the following nonexclusive factors:

> (1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community.[21]

---

[14] Motion to Exclude Gill at 2.

[15] Motion to Exclude Kasbekar at 2

[16] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

[17] *Conroy v. Vilsack*, 707 F.3d 1163, 1168 (10th Cir. 2013)

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003).

Although these factors are not exhaustive or definitive, the focus of a reliability analysis under 702 "should not be upon the precise conclusions reached by the expert, but on the *methodology* employed in reaching those conclusions."[22] "Any step that renders the [expert's] analysis unreliable ... renders the expert's testimony inadmissible."[23] After applying these standards to the proposed expert testimony of Gill and Kasebekar, it is appropriate to exclude them from testifying at trial.

### Joellen Gill lacks the requisite qualifications and her proposed testimony is unreliable under Fed. R. Evid. 702.

Under the first step of a 702 analysis of proposed expert testimony, an expert is considered qualified to testify if the expert has "sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case."[24] Experts who "possess[] knowledge as to a general field" but "lack specific knowledge do[] not necessarily assist the jury."[25] The United States Court of Appeals for the Tenth Circuit has determined that when a proffered expert has not conducted research or published in the area on which they have been designated to opine, it is appropriate to exclude that expert as unqualified under Rule 702.[26]

Here, Gill admits that she has not published articles in her designated field of human factors engineering[27] But what is more concerning is that her opinion—that users would not find and read the "ambiguous" warning label on the subject PWC—was not supported by any testing,

---

[22] *Norris v. Baxter Healthcare Corp.,* 397 F.3d 878, 884 (10th Cir. 2005)

[23] *Mitchell v. Gencorp Inc.,* 165 F.3d 778, 782 (10th Cir. 1999).

[24] *Kumho Tire*, 526 U.S. at 156.

[25] *City of Hobbs v. Hartford Fire Ins. Co*., 162 F.3d 576, 587 (10th Cir. 1998).

[26] *Conroy*, 707 F.3d at 1169.

[27] Motion to Exclude Gill, Exhibit D, Joellen Gill Deposition ("Gill Deposition") at 129:15-130:2, docket no. 210-6, filed July 22, 2019.

such as conducting a survey of PWC users.[28] Gill's opinion is based on her general knowledge of the effectiveness or ineffectiveness of warning labels but she lacks specific knowledge as to the effectiveness of *PWC* warning labels or as to the effectiveness of *this* label for PWC users. This knowledge could have been obtained by a survey. These deficiencies undermine Plaintiff's argument that Gill is qualified as an expert. Exclusion under the first step in this analysis would therefore be appropriate by itself.

But even if Gill were otherwise qualified to opine on this subject, her failure to test her assertions also renders her proposed testimony excludable under the second step of the 702 analysis. The factors that are to be considered under this step represent the process of vetting the expert's methodology and assuring that the expert's proposed testimony is scientifically valid.[29] "That an expert testifies based on research [s]he has conducted independent of the litigation provides important, objective proof that the research comports with the dictates of good science."[30]

But here, that objective proof is lacking. Gill acknowledges in her deposition that she did not subject her opinion to testing.[31] Plaintiff's opposition ignores Gill's failure to test her opinion, and instead argues that Gill's opinion is reliable because Gill relies on other published human factors studies regarding product warning labels in general and the testimony of those who actually used the PWC Plaintiff was riding.[32]

---

[28] Gill Deposition at 38:5-25.

[29] *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005) (internal quotation omitted).

[30] *Daubert v. Merrell Dow Pharm., Inc*., 43 F.3d 1311, 1317 (9th Cir. 1995).

[31] Gill Deposition at 38:5-25; 47:16-48:5.

[32] Opposition to Motion to Exclude Gill at 13-14.

Instead of offering an opinion that has been subjected to the rigors of testing, peer review, and acceptance throughout a broader community, Plaintiff is proposing that Gill present an opinion based on generalized studies of warning labels and a limited subset of deponents—all without independent testing. This does not lead to the conclusion that Gill's methodology or her resulting opinions are reliable. In the face of a direct challenge, Plaintiff has not carried her burden to demonstrate that Gill's testimony is reliable. Because Gill does not appear to be qualified for her proposed testimony and because her proposed testimony is unreliable, the Motion to Exclude Gill is granted.

## It is also appropriate to exclude Anand Kasbekar as an expert witness because his proposed testimony is unreliable under Fed. R. Evid. 702.

The Kawasaki Defendants argue that Kasbekar's proposed testimony regarding the PWC's seat design is unreliable because Kasbekar relies primarily on his own laboratory tests that have not been subjected to peer review, have no identified rate of error, and do not appear to be generally accepted throughout the applicable scientific community.[33] In response, Plaintiff acknowledges that Kasbekar's seat testing methodology was not subject to peer review and lacks a known rate of error.[34] In arguing that Kasbekar's opinion is still reliable under 702, Plaintiff cites to Kasbekar's own deposition testimony and offers that Kasbekar applied "a test that is widespread in the accident reconstruction industry, is grounded in literature on quantifying resistance to sliding, and was used by Dr. Kasbekar in his prior work for the military."[35]

However, according to the Tenth Circuit, an expert's "assurance that the methodology and supporting data is reliable will not suffice" as proof that the expert's proposed opinions are,

---

[33] Motion to Exclude Kasbekar at 9.

[34] Opposition to Motion to Exclude Kasbekar at 5.

[35] *Id.*

in fact, reliable.[36] Furthermore, proposed testimony that relies merely on an expert's own assertion of validity will be discounted as guesswork.[37] Although Kasbekar's proposed testimony has the benefit of independent testing—unlike Gill's testimony—Plaintiff acknowledges that she cannot provide further assurances (in the form of peer review or a known rate of error) that Kasbekar's testing and methodology is reliable enough to present to a jury. Consequently, Kasbekar's proposed testimony is unreliable under Fed. R. Evid. 702. The Motion to Exclude Kasbekar is also granted

**ORDER**

IT IS HEREBY ORDERED that Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion to Exclude the Proposed Testimony of Plaintiff's Expert Witness, Joellen Gill[38] is GRANTED. IT IS ALSO ORDERED that Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion to Exclude the Proposed Testimony of Plaintiffs' Expert, Anand Kasbekar[39] is GRANTED. These experts will not be permitted to offer their proposed opinions at trial.

Signed November 6, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[36] *Mitchell*, 165 F.3d at 781.

[37] *Id.*

[38] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Memorandum in Support of Their Motion to Exclude the Proposed Testimony of Plaintiff's Expert Witness, Joellen Gill, docket no. 210, filed July 22, 2019.

[39] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiffs' Expert Witness, Anand Kasbekar, docket no. 221, filed July 22, 2019.