IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NICOLE WELLS,<br><br>        Plaintiff,<br><br>v.<br><br>KAWASAKI MOTORS CORP., U.S.A., a Delaware corporation, KAWASAKI HEAVY INDUSTRIES, LTD., a Japanese corporation, and H20 ZONE, LLC, an Arizona limited liability company,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [214] DEFENDANTS KAWASAKI MOTORS CORP., U.S.A. AND KAWASAKI HEAVY INDUSTRIES, LTD.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:16-CV-01086-DN<br><br>District Judge David Nuffer |

Defendants Kawasaki Motors Corp., U.S.A. ("KMC") and Kawasaki Heavy Industries, Ltd. ("KHI") (collectively the "Kawasaki Defendants") move for summary judgment (the "Motion")[1] on the three causes of action against them in Plaintiff Nicole Wells' ("Plaintiff") Complaint: strict products liability, negligence, and breach of warranty.[2] Plaintiff opposed[3] the Motion as to the strict products liability and negligence causes of action, but does not oppose the Motion as to her breach of warranty cause of action which she concedes is duplicative of her other two causes of action.[4] The Kawasaki defendants replied in support.[5] Because the experts

---

[1] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion for Summary Judgment and Memorandum in Support, docket no. 214, filed July 22, 2019.

[2] Amended Complaint for Damages at 3-8, docket no. 14, filed December 2, 2016.

[3] Plaintiff's Opposition Re: Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion for Summary Judgment, docket no. 252 filed August 18, 2019.

[4] *Id.* at 1

[5] .Reply in Support Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion for Summary Judgment, docket no. 273, filed September 3, 2019.

that would have provided the expert testimony required to support the strict products liability and negligence causes of action have been excluded,[6] the Motion is Granted.

Plaintiff alleges that she suffered an orifice injury during a trip to Lake Powell in 2015 when she fell off the back of a personal watercraft ("PWC") manufactured by the Kawasaki Defendants.[7] Plaintiff maintains her injury is attributable to defects in the PWC. She brings strict products liability and negligence causes of action against the Kawasaki Defendants.[8] Central to these causes of action are Plaintiff's allegations that inadequate warnings were placed on the PWC (a failure to warn claim) and that the design of the PWC's seat permitted riders to fall backwards as Plaintiff did (a design defect claim).[9]

Initially, plaintiff designated Anand Kasbekar and Wilson Hayes as experts that would testify concerning her design defect claim.[10] Plaintiff then indicated that Wilson Hayes would be testifying only as a rebuttal expert and not as part of Plaintiff's case-in-chief.[11] Plaintiff also designated Joellen Gill as the expert that would testify concerning her failure to warn claim.[12]

---

[6] Memorandum Decision and Order: Granting [210] Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries, Ltd.'s Motion to Exclude the Proposed Testimony of Plaintiff's Expert Witness, Joellen Gill; and Granting [221] Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries, Ltd.'s Motion to Exclude the Proposed Testimony of Plaintiffs' Expert, Anand Kasbekar, docket no. 306, filed November 7, 2019.

[7] Amended Complaint for Damages at 3, docket no. 14, filed December 2, 2016.

[8] *Id.* at 3-8.

[9] *Id.* at 4.

[10] Motion at 20.

[11] Plaintiff's Opposition to Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiff's Expert Witness, Wilson Hayes at 3, docket no. 228, filed August 5, 2019.

[12] Motion at 20.

Defendants moved to exclude the proposed the proposed expert testimonies of Kasbekar and Gill under Fed. R. Evid. 702[13] and those motions were granted.[14]

It has been previously decided that, as the 2015 PWC incident occurred on navigable waters, maritime law is applicable in this case.[15] Other courts applying maritime law to design defects and failure to warn claims involving personal or recreational watercraft have determined that a plaintiff is required to provide expert evidence or opinion supporting those claims.[16] And because maritime law is "drawn from state and federal sources"[17] this determination is reinforced by decisions within this district that have required plaintiffs to provide expert testimony in support of design defect and failure to warn claims.[18]

Absent expert testimony, Plaintiffs' design defect and failure to warn claims fail. As the Plaintiff's strict products liability and negligence causes of action are based on these claims Summary Judgment for the Kawasaki Defendants on these causes of action is appropriate. The Motion is granted.

---

[13] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Memorandum in Support of Their Motion to Exclude the Proposed Testimony of Plaintiff's Expert Witness, Joellen Gill, docket no. 210, filed July 22, 2019; Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiffs' Expert Witness, Anand Kasbekar, docket no. 221, filed July 22, 2019.

[14] Memorandum Decision and Order: Granting [210] Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries, Ltd.'s Motion to Exclude the Proposed Testimony of Plaintiff's Expert Witness, Joellen Gill; and Granting [221] Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries, Ltd.'s Motion to Exclude the Proposed Testimony of Plaintiffs' Expert, Anand Kasbekar, docket no. X, filed November 6, 2019.

[15] Memorandum Decision and Order Overruling [124] Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries Ltd's Objection to Magistrate Judge Furse's Order Denying Motion to Strike Allegations Of Admiralty Jurisdiction, docket no. 137, filed September 10, 2018.

[16] *In re C.F. Bean L.L.C*, 2015 WL 927408, at *1 (S.D. Miss. Mar. 4, 2015) (citing *Sullivan v. Rowan Companies, Inc.*, 952 F.2d 141, 146–49 (5th Cir.1992)); *Hickerson v. Yamaha Motor Corp.*, U.S.A., 2016 WL 4367141, at *4 (D.S.C. Aug. 16, 2016), aff'd, 882 F.3d 476 (4th Cir. 2018).

[17] *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d 1264, 1279 (10th Cir. 2016) (quoting *East River S.S. Corp. v. Transamerica Delaval, Inc.,* 476 U.S. 858, 864, (1986)).

[18] *Boucher v. Zimmer, Inc*., 2010 WL 3815706, at *3-4 (D. Utah Sept. 27, 2010); *Christison v. Biogen Idec Inc*., 199 F. Supp. 3d 1315, 1342 (D. Utah 2016).

**ORDER**

IT IS HEREBY ORDERED that Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion for Summary Judgment[19] is GRANTED. Plaintiff's causes of action against Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.—strict products liability, negligence, and breach of warranty—are dismissed with prejudice.

IT IS FURTHER ORDERED as follows:

1) Defendant H2O Zone LLC has asserted a crossclaim against Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd., that seeks allocation and contribution.[20] The parties are ORDERED to meet and confer and provide a status update no later than November 13, 2019 regarding the effect on that crossclaim of dismissal of Plaintiff's causes of action against Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.

2) The remaining motions to exclude[21] filed by Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd. seek to exclude experts designated by Plaintiff as rebuttal witnesses. The dismissal of Plaintiff's causes of action against Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd. would appear to make those motions moot. As part of the status report, the parties are ORDERED

---

[19] Defendants Kawasaki Motors Corp., U.S.A. and Kawasaki Heavy Industries, Ltd.'s Motion for Summary Judgment and Memorandum in Support, docket no. 214, filed July 22, 2019.

[20] Amended Answer to Amended Complaint and Cross-Claim at 14-18, docket no. 145, filed September 28, 2018.

[21] Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiffs' Expert Witness, Wilson Hayes, docket no. 212, filed July 22, 2019; Defendants Kawasaki Motors Corp., U.S.A. And Kawasaki Heavy Industries, Ltd.'s Motion and Supporting Memorandum to Exclude the Proposed Testimony of Plaintiffs' Expert Witness, Sourabh Apte, docket no. 213, filed July 22, 2019.

to indicate whether ruling on those motions is still necessary or if those motions are in fact moot after the entry of this memorandum decision and order.

Signed November 7, 2019

                              BY THE COURT

                              _____
                              David Nuffer
                              United States District Judge